IN OGLETHORPE SUPERIOR COURT, OCTOBER TERM, 1830.

REUBEN JORDAN vs. The Heirs and Distributees of JAMES A. BRADLEY.

If a person, making his *will*, directs that, "If any of his slaves should desire to go to the African Colony, they should be permitted to go, and their expenses to the port of embarkation should be paid," such will is not void under the act of 1818; nor is it inconsistent with the policy of our laws; but ought to be executed.

THIS is a Bill in Equity filed by the executor of James A. Bradley deceased, praying the direction of the court in the execution of the will. The will, among other things, directs, that if any of his slaves should desire to go to the African Colony, they should be permitted to go, and their expenses to the port of embarkation should be paid.

In opposition to the bill, the act of the State of Georgia was read, which prohibits the manumission of slaves, which act refers to preceding acts for the same purpose. The act of 1818, declares every will or other instrument, intended to give freedom to slaves, to be null and void.

*By the Court.* The act of 1818, (Prince's Dig. 465.) and those which preceded, were intended to prevent the emancipation of people of color in this State, where their presence could not fail to be injurious to the slave population. This is the evil intended to be prevented, and it is to guard against this evil that the provisions of the said statute, and those

which preceded it, were enacted. This will does not contemplate that the slaves emancipated by it will remain in the State, to the annoyance and injury of the owners of slaves. It therefore does not come within the reason of the law. It is not calculated to produce the mischief intended to be guarded against by the legislation of the State, upon this subject. The policy of our legislation since 1798, has certainly been unfavorable to the increase of the number of slaves in this State. The Constitution of that date roundly prohibits the importation of slaves into this State from Africa or other foreign places after the first day of October of that year. (Prin. Dig. 559.)

It has been suggested, that there is no fund out of which the expenses of sending the slaves to a port of embarkation can be defrayed. This ought not to be considered an insurmountable obstacle, because it is probable that the Colonization Society will pay the expenses, if it be necessary.

Upon the best consideration which the court has been able to bestow on this case, it is of opinion, that neither the letter nor intention of the several statutes of this State, are in opposition to the provisions of the will of James A. Bradley deceased, in regard to his slaves. The preamble to the act of 1818, shows conclusively the nature of the evil intended to be remedied by that act, and that evil will not be produced or increased by the execution of this will, in accordance with the obvious intentions of the testator. Neither the laws nor the settled policy of the State interpose any obstacle to its execution in relation to the slaves.

It is presumed, that the executor in this case is as competent to ascertain the desire of the slaves, touching their emigration to the African Colony, as this court is to direct him. If the court were placed in his situation, it would endeavor to convene the legatees of the estate and some of the most respectable neighbors, and proceed in their presence to interrogate the slaves, as to their desires under the will, and take memorandums of their several answers. Should any of them desire to go to Africa, they should be immediately disposed of according to the provisions of the will. If there be a deficiency of funds to defray their expenses to a port of embarkation, those desiring to emigrate might be hired out, till the requisite sum should be obtained.